IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-2075-JG

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ROBERTO CARLOS FLORES-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1]  The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, a friend of defendant's family.  The court also reviewed the pretrial services report.  After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released.  The government's motion is therefore GRANTED.

## Background

Defendant was charged by criminal complaint on 13 December 2013 with:  conspiracy to distribute and possess with the intent to distribute a quantity of cocaine in violation of 21 U.S.C.

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case.  Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

§ 846; possession with the intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c). The alleged offense date in each count is 10 December 2013. The evidence presented at the hearing showed that the charges arise from a consensual meeting with defendant at his home and a subsequent search of it pursuant to a search warrant. Defendant turned a loaded .380 caliber pistol over to the police during the consensual meeting, and police recovered 1.3 kilograms of cocaine and over $120,000.00 in cash, among other evidence of drug trafficking, pursuant to the search warrant. The pistol was within about six feet of a playpen in which a portion of the cocaine and cash were located. Defendant's three children, ages 8 years, 3 years, and 5 months, reside in the home. Defendant was at the time, and remains, an illegal alien.

Police went to the home because an informant had advised them that a group of drug dealers was planning an invasion of the home, at least in part, to take the cocaine there. Police were informed that the same people had previously attempted an invasion of the home, but abandoned it when they spotted children there.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the amount of drugs and cash involved, the

2

loaded status of the gun, the availability of the loaded firearm to children, and use of a playpen to secrete drugs and apparent drug proceeds; the unsuitability of the proposed third-party custodial arrangement due to the presence of minor children in the proposed custodial home and the extent of the risk of flight and danger presented by defendant; the prospect faced by defendant, if convicted, of an extended prison term followed by deportation; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a significant criminal record. It finds, however, that the factors favoring detention far outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 19th day of December 2013.

James E. Gates
United States Magistrate Judge